[No. 13947. In Bank. — April 28, 1891.]

JOSHUA CHADBOURNE ET AL., RESPONDENTS, *v.*
THE STOCKTON SAVINGS AND LOAN SOCI-
ETY, APPELLANT.

VENDOR AND PURCHASER — OFFER TO SELL — TIME OF ESSENCE — PERFORM-
ANCE OF CONDITIONS — SPECIFIC PERFORMANCE — COMPLAINT — GEN-
ERAL DEMURRER. — A complaint by assignees of a vendee for the specific
performance of a contract for the conveyance of land, which is in terms
a mere offer to sell to the vendee upon specified terms within two years,
expressly making time of the essence of the contract, providing that the
rent in a lease to third parties was paid as specified in the lease, and by
the terms of which the vendee, in consideration of the offer to sell, agreed
to keep the buildings on the land insured for a specified sum, and to
assign the policies of insurance to the vendor, which does not allege that
the vendee, or any one claiming under him, did anything in pursuance of
the contract prior to an offer of performance by the plaintiffs, two days
before the expiration of the time limited by the offer, and more than
twelve months after the interest of the vendee had been sold under exe-
cution, does not state a cause of action, and a general demurrer thereto
should be sustained.

ID. — CONSIDERATION OF OFFER — AGREEMENT TO INSURE — PERFORMANCE
BY VENDEE — REASONABLE TIME — PLEADING. — It is essential, in order
to entitle the assignees of the vendee to enforce the contract, that the
complaint should allege performance of the agreement respecting insur-
ance on the part of the vendee, which was the sole consideration of the
offer to sell by the vendor, or an offer to perform or an excuse for non-
performance, on the part of the vendee, within a reasonable time after
the making of the offer to sell.

APPEAL from a judgment of the Superior Court of
San Joaquin County, and from an order denying a new
trial.

The action was brought by Joshua Chadbourne and
H. Arendt, claiming as grantees of A. C. Vanderwort,
the holder of a sheriff's deed of the interest of William
Hart in the premises described in the contract of sale,
which is set out in the opinion, to enforce the contract
against the Stockton Savings and Loan Society. The
contract was appended to a lease of the premises made
to Charles Hart and Henry Hart, for the term of two
years from August 16, 1887, for a yearly rental of $894,

payable August 16, 1888, and August 16, 1889. The
complaint alleged the execution of the contract; that, as
the plaintiffs were informed and believed, the rent pro-
vided for in the agreement was paid for the years 1888
and 1889, without stating when or by whom the pay-
ments were made; that on the fifteenth day of August,
1888, the interest of William Hart in the contract and
premises described therein was sold under execution to
A. C. Vanderwort, and conveyed to him by sheriff's
deed March 4, 1889, and that A. C. Vanderwort on that
day sold the same to the plaintiff Joshua Chadbourne,
who on the 12th of March conveyed to the plain-
tiff H. Arendt one half of the property; that on the
fifteenth day of August, 1889, plaintiffs tendered to the
defendant the purchase-money provided for in the con-
tract, and a deed to be executed by the defendant, the
execution of which was demanded; that defendant re-
fused to accept the money or to execute the deed; and
that plaintiffs are ready and willing to pay the whole
amount required by the terms of the agreement. Fur-
ther facts are stated in the opinion.

*J. C. Campbell, Baldwin & Campbell,* and *James H.
Budd,* for Appellant.

Before a party can enforce specific performance of
a contract by a suit in equity, he must show not only
that there was a consideration for the contract, but that
such consideration was adequate. (Civ. Code, sec. 3391,
subd. 1.) There was no substantial performance of the
contract, nor was any attempt made by either the court
or plaintiffs to compensate defendants for non-perform-
ance, and therefore there can be no specific performance
decreed. (Civ. Code, secs. 3386, 3392; Pomeroy on Spe-
cific Performance, secs. 192–195.) Both Hart and
plaintiffs were in default in their part of the contract,
and cannot enforce it. (Civ. Code, sec. 3386; Fry on
Specific Performance, 3d ed., secs. 87, 440; *Cooper*

v. *Pena,* 21 Cal. 403; *King* v. *Gildersleeve,* 79 Cal. 509; *Twomey* v. *People's Ice Company,* 66 Cal. 233.)

*J. B. Webster,* and *L. W. Elliott,* for Respondents.

The agreement to insure is not a consideration, and the offer to sell was not made on that consideration, and it was in no wise contingent on the insuring of the property. The agreement to insure was wholly collateral; and though defendant might have a cross right of action for failure to insure, the court will not consider the default of insuring any bar to the specific performance of the other contract. (Fry on Specific Performance, 2d ed., secs. 617, 618, pp. 372–374, and notes.) The item of insurance will be regarded in equity as too trifling to prevent specific performance; even though it was a consideration, which it was not. (Fry on Specific Performance, sec. 616, p. 368.)

FITZGERALD, C. — Appeal from a judgment of the superior court of San Joaquin County, and from an order refusing a new trial.

This is an action to compel the specific performance of an alleged contract in writing, for the conveyance of land. The so-called contract, which is annexed to the complaint as an exhibit, is made a part thereof, and is in the words and figures following, to wit:—

" The Stockton Savings and Loan Society, a corporation, does hereby offer to sell to William Hart, or his assigns, all that certain piece or parcel of land situate and being in the county of San Joaquin, state of California, and known as the north half of section thirty-two (32), township four (4) north, range six (6) east, Mount Diablo meridian, for the sum of sixteen thousand six hundred and eighty-eight ($16,688) dollars in gold coin of the United States of America, said sale to be made subject to the foregoing lease.

" The Stockton Savings and Loan Society agrees to ac-

count for all rents received by virtue of the foregoing lease of said premises after this date and prior to August 16, 1889, provided this offer is accepted upon said terms.

"The Stockton Savings and Loan Society agrees to keep this offer open until August 16, 1889, provided, however, that the rental for the first year, ending August 16, 1888, shall be paid as specified in foregoing lease, and if not then accepted, this offer shall be withdrawn and considered as of no effect. Time is of the essence of this agreement, and the said William Hart, in consideration of the above offer to sell, agrees to keep the buildings on said land insured for at least six hundred dollars, and will assign to said Stockton Savings and Loan Society the policies of said insurance.

"Dated August 17, 1887."

Defendant demurred to the complaint upon the ground, among others, "that it does not state facts sufficient to constitute a cause of action." The demurrer was overruled by the court below, and upon the case being tried, judgment was rendered in favor of plaintiffs, from which judgment, and the order refusing a new trial, defendant appeals.

The demurrer should have been sustained, — 1. Because the complaint does not show that Hart, or any one claiming under him, ever did anything in pursuance of said instrument, which was but a mere proposal to sell, and of which time was expressly made the essence, except the tender of payment, demand for deed, and offer to perform by plaintiffs, on the fifteenth day of August, 1889, which was within two days of two years after the date of the execution of the said offer to sell, and more than twelve months after said Hart's alleged interest in said property had been sold at an execution sale by the sheriff of San Joaquin County; 2. Because we deem it essential, in order to entitle plaintiffs to maintain this action, that the complaint should allege performance or offer to perform, or excuse non-performance, within a reasonable time after the making of the said offer to sell.

As there is no allegation in the complaint showing that the agreement of Hart to keep the buildings insured, and to assign to the defendant the policies of insurance as provided by the terms of said instrument, — which was the only consideration of the offer to sell, — was ever performed or excused, we advise that the judgment and order be reversed, with directions to the court below to sustain the demurrer.

Belcher, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are reversed, with directions to the court below to sustain the demurrer.

Rehearing denied.