[L. A. No. 4105.    Department One.—December 26, 1917.]

## S. H. LYNN, Respondent, v. KNOB HILL IMPROVE-MENT COMPANY (a Corporation), Appellant.

VENDOR AND VENDEE—CONTRACT FOR SALE OF REAL PROPERTY—ACTION
FOR BREACH BY VENDOR—DAMAGES—JUDGMENT BY DEFAULT—COM-
PLAINT INSUFFICIENT.—On appeal from a judgment by default
in an action for breach of a contract by the vendor to convey land,
a complaint which alleges bad faith on the part of the vendor, but
which, in stating the damages, alleges that the land has increased
in value to the amount of "two hundred dollars since the breach,"
without stating the time of the breach, lays no foundation on which
to compute the measure of damages on this ground, and a judgment
which includes that item of damage is therefore erroneous.

ID.—ACTION FOR BREACH OF CONTRACT — JUDGMENT BY DEFAULT — AP-
PEAL—PLEADING DAMAGES.—Upon appeal from a judgment by de-
fault, the allegations of the complaint must state the facts neces-
sary to entitle the plaintiff to the sums included in the judgment.

ID.—EXPENSES INCURRED, AS DAMAGES—DEFECTIVE ALLEGATION.—Under
section 3306 of the Civil Code, permitting recovery for expenses
"properly" incurred in preparing to enter the land, an allegation that
a certain sum was "expended" is insufficient to justify the inclusion
of that amount in a default judgment; it must either be alleged that
the expenses were "properly" incurred or facts must be alleged from
which the propriety of the expenses will appear.

ID.—SPECIFIC PERFORMANCE — CONDITIONS PRECEDENT PERFORMED — EF-
FECT OF GENERAL ALLEGATION.—In an action by the vendee against
the vendor for specific performance of a contract to convey land,
a defective allegation in the complaint of payments of amounts pay-
able under the contract is cured by the general allegation, that the
plaintiff "has duly and fully performed all the conditions of said
contract devolving upon him to be performed," which is a sufficient
allegation of the performance of conditions precedent under section
457 of the Code of Civil Procedure.

ID.—SPECIFIC PERFORMANCE — PLEADING — ADEQUATE CONSIDERATION.—
Under section 3391 of the Civil Code, a complaint in an action

for specific performance will not support a judgment by default where there is no allegation of the value of the land or of any facts showing that the price is in fair proportion to the value, or that the consideration in the contract was adequate or the contract just and reasonable.

ID.—BREACH OF CONTRACT BY VENDOR—PLEADING—JUDGMENT BY DEFAULT FOR PURCHASE—HARMLESS ERROR.—A complaint which alleges a cause of action for specific performance and a cause of action for the recovery of the purchase money paid is defective, the two causes of action being inconsistent with each other, but a judgment by default on such complaint, which includes no other relief except the recovery of the purchase money and damages, is not erroneous if the allegations in the complaint are sufficient to support the judgment given.

ID.—ACTION TO RECOVER PRICE PAID—PLEADINGS—SUFFICIENCY OF COMPLAINT.—Payments made on the purchase price on a vendor's breach of a contract to convey, may be recovered by action for money had and received, and in such action, if the complaint alleges an offer of performance by plaintiff by payment of the purchase money, a demand for a deed, and a refusal by the vendor to accept the purchase price and execute the deed required by the contract, the complaint is sufficient.

APPEAL—JUDGMENT BY DEFAULT—PLEADING—HARMLESS ERRORS.—On appeal from a judgment by default for failure to demur or answer, the objection cannot be made that the complaint set up two inconsistent causes of action, or that two causes of action were not separately stated.

ID.—RELIEF FROM DEFAULT—DISCRETION OF LOWER COURT.—Relief from a default is a matter of discretion in the trial court, which will be sustained on appeal unless the discretion is abused.

ID.—REFUSAL TO OPEN DEFAULT—NO ABUSE OF DISCRETION.—There was no abuse of discretion by the trial court in refusing to open a default judgment where the secretary of a defendant corporation was negligent in informing the attorney of the corporation of the date when he was served, and the attorney also negligently and erroneously assumed that the time to plead would extend one day longer than it did.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion to set aside a default.   J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Eugene C. Campbell, for Appellant.

S. G. Barker, for Respondent.

SHAW, J.—The default of the defendant for failing to answer or demur to the complaint within the time prescribed by law was duly entered on May 19, 1914. On the following day the defendant served on the plaintiff a notice of motion to be relieved from said default, on the ground that it was taken through his mistake, inadvertence, and excusable neglect. This motion was denied on October 1, 1914. On October 29, 1914, at the instance of plaintiff, the court entered judgment against said defendant for $678 and costs. The defendant appeals from the judgment, and also from the order denying its motion to set aside the default.

In support of the appeal from the judgment, the defendant claims that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that on November 15, 1910, the plaintiff and defendant made an agreement in writing, whereby the defendant agreed to sell and convey to the plaintiff certain real property, for the sum of four hundred dollars, of which fifty dollars was then paid, and the balance was to be paid in monthly payments of ten dollars a month, with interest at seven per cent per annum, payable quarterly, as evidenced by a certain note, a copy of which was incorporated into the contract. The note purports to be signed by the plaintiff, is dated December 15, 1910, and is for the sum of $350, with seven per cent interest from date, payable quarterly, and providing that if the interest was not so paid, the whole sum should immediately become due and payable. It was not declared to be payable upon any date, but merely "after date." The complaint further alleged that "the following additional payments have been indorsed upon the back of said contract:

| | |
|---|---|
| December 15, 1910 | $ 10.00 |
| December 29, 1910 | 200.00 |
| August 27, 1913 | 140.00 |
| November, 1913 | 10.00" |

There is the further allegation that the plaintiff "has always been ready and willing to perform" and "has duly and fully performed all the conditions of the said contract devolv-

ing upon him to be performed,'' and has demanded performance thereof by the defendant, but that the defendant refused to comply with the contract or to execute to plaintiff a deed for the property, and that the defendant ''never intended to convey said property to plaintiff, but used said contract for the purpose to cheat and defraud the plaintiff out of the money heretofore paid, as above set out, and then sell and again convey or have said property conveyed to other parties than the plaintiff herein''; and that ''said property has increased in value in the sum of two hundred dollars since the breach of said contract by defendants herein,'' and that plaintiff has paid out eighteen dollars in taxes on the land, and ''has incurred expenses in preparing to enter said land in the sum of fifty dollars.''

The prayer was for judgment requiring the defendant to execute a deed to the plaintiff and, ''(2), that in case defendants do not so convey said property as aforesaid, that the plaintiff be awarded damages as follows, to wit:

$410.00, for money paid out on said contract, and interest thereon.

18.00, for taxes paid on said real property.

200.00, increase in value of said real estate.

600.00, punitive damages, and

50.00, expenses.

$1278.00, total.''

The judgment was for $678, and it included all of the above sums, except the item of six hundred dollars for punitive damages.

The allegations of the complaint were not sufficient to entitle the plaintiff to judgment for the two hundred dollars alleged to have been the increase in the value of the real estate, or for the fifty dollars for expenses in preparing to enter said land. Section 3306 of the Civil Code declares that the measure of damages for breach of contract to convey real estate is the price paid, and the expenses of examining title, ''but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach, and the expenses properly incurred in preparing to enter upon the land.''

The complaint does not allege the value of the land ''at the time of the breach,'' but alleges only that it has increased

in value to the amount of two hundred dollars "since the breach." The time of the breach is not alleged. There is no presumption that there was an increase in value before the breach. It must be alleged. There is, therefore, no foundation laid by which to compute the measure of damages on this ground, and the complaint fails to show such damage.

With respect to the expenses aforesaid, the provision of the code is that recovery may be had for the "expenses *properly*" incurred in preparing to enter the land. There is no allegation that any expenses were properly incurred. The allegation is merely that eighteen dollars was expended in preparing to enter the land. Whether it was properly expended or not does not appear. Upon appeal from a judgment taken by default, the allegations of the complaint must state the facts necessary to entitle the plaintiff to recover the sums included in the judgment. In order to entitle the plaintiff to the expenses, the complaint must allege that the expenses were properly made. It may be that this must be shown by setting forth the things for which the expenses were incurred, so that the propriety of the expenses will appear from the facts, but whether this be so or not, a complaint is insufficient, on appeal, to justify such recovery, where it does not appear that such expenses were properly incurred.

The defendant further claims that the complaint does not state facts sufficient to constitute a cause of action for specific performance, and in particular, that it does not allege that the plaintiff, before beginning the action, tendered payment in full of the purchase price. The payments alleged to have been indorsed on the contract amount to some seventeen dollars less than the balance of principal and interest due upon the price at the time of the last payment. There is no direct allegation that these sums, or any part thereof, have ever been paid on the contract. There is no specific allegation of a tender of the balance, assuming that the allegations as to payment would be sufficient in the absence of a demurrer, but the general allegation that the plaintiff "has duly and fully performed all the conditions of the said contract devolving upon him to be performed" is a sufficient allegation of the performance of the conditions precedent, and relieves the complaint of this particular defect. (Code Civ. Proc., sec. 457.) As a complaint for specific performance it is defective in another particular, which the appellant does not mention.

There is no allegation as to the value of the land, or of any facts showing that the price is in fair proportion to the value, or that it was an adequate consideration for the contract, or that the contract is just and reasonable, as required by section 3391 of the Civil Code. This is necessary to constitute a good cause of action for specific performance. (*White* v. *Sage*, 149 Cal. 614, [87 Pac. 193] ; *Herzog* v. *Atchison etc. Co.*, 153 Cal. 501, [17 L. R. A. (N. S.) 428, 95 Pac. 898] ; *Estate of Wickersham*, 153 Cal. 607, [96 Pac. 311] ; *Kaiser* v. *Barron*, 153 Cal. 790, [96 Pac. 806].) So far as the prayer for specific performance is concerned, the complaint is insufficient.

But with respect to the prayer for recovery of the purchase money, a different rule prevails. In order to obtain that relief a resort to equity is not necessary. Such payments may be recovered by action for money had and received, if the facts justify such recovery. It is sufficient if the plaintiff alleges an offer by him to perform by paying the balance of the purchase money in full, a demand for a deed upon such payment, and a refusal by the vendor to accept the balance of the purchase price, and execute the deed required by the contract. Where this appears, the plaintiff has laid a sufficient foundation for the recovery of the purchase money already paid upon the sale. As the judgment included no other relief except the recovery of purchase money and damages, it cannot be held erroneous as to the purchase money because of the failure of the complaint to allege that the contract was just and reasonable, and the consideration adequate. The complaint is defective, in that it alleges two causes of action, one for specific performance by a conveyance of property; the other for the repayment of the purchase money. These causes of action are inconsistent with each other; the plaintiff could not prevail on both. Furthermore, they are not separated into paragraphs and would have been subject to demurrer on the ground that the two causes of action were not separately stated. (Code Civ. Proc., sec. 430, subd. 5.) But these objections cannot be made on appeal from a judgment by default where there was no demurrer or answer filed. It is enough if there are allegations in the complaint which support the judgment given.

We perceive no error in the ruling of the court denying the motion of the defendant to be relieved from its default. The

giving of relief of this kind is a matter of discretion in the trial court, and unless the discretion is abused, its action will be sustained on appeal. The appellant makes the common mistake of citing to us cases where orders granting such motion have been sustained on appeal, and endeavoring to apply those precedents to the present case, where the relief is denied. The matter being discretionary and reviewable only for abuse, it may well be that this court would sustain an order denying such relief in one case and deny it in another, where the facts presented to the lower court were precisely the same in both, because this court could not say there was an abuse of discretion, in either event. The summons was served on the secretary of the defendant on May 8, 1914. The attorney for the defendant, and the secretary, both resided and had their offices in the city of Long Beach. From that time until May 18th, the secretary several times endeavored to communicate with said attorney by telephone, but could not reach him in that way. On May 18th, he again endeavored several times to speak to him by telephone, but again failed because of the absence of the attorney from that city, until 5:30 o'clock in the afternoon. The attorney then informed the secretary that service on May 8th entitled the defendant to the whole of May 19th, within which to appear and demur or answer. Believing this to be the case himself, the attorney made no effort to appear in the case or serve or file a demurrer until the following day, when he was informed by the plaintiff's attorney that the default was already taken, it having been taken on the morning of May 19th. It cannot be disputed that these facts show great neglect, both on the part of the secretary, in failing sooner to inform the attorney, and on the part of the attorney, in failing to advise himself, as he could readily have done from numerous decisions on the subject, that ten days do not mean eleven days. Under these circumstances we cannot interfere with the discretion of the court below in denying the motion.

The order refusing to open the default is affirmed and the judgment is reversed.

Sloss, J., and Lawlor, J., concurred.