[Civ. No. 6249. First Appellate District, Division One.—December 11, 1928.]

ANGLO CALIFORNIA TRUST COMPANY (a Corporation), etc., Respondent, v. JOHN J. KELLY et al., Appellants.

J. C. Flannery for Appellants.

Grover O'Connor for Respondent Administrator.

Hadsell, Sweet & Ingalls and Lee M. Olds for Defendant Commerce Oil and Leasing Company.

TYLER, P. J.—Appeal from a default judgment. The action was one brought for the foreclosure of two mortgages. The case was regularly set for trial and defendants failing to appear, the court took evidence and entered its decree of foreclosure. This decree was recorded on March 27, 1926, and notice thereof was duly given to defendants. There-after a notice of motion to set aside the default was made under the provisions of section 473 of the Code of Civil Procedure. The motion came on regularly for hearing and was denied and the sole question here presented is whether or not the trial court abused its discretion in refusing to vacate the decree.  It is, of course, elementary, that the action of a court upon an application to set aside a default, or grant relief therefrom, rests so largely in its discretion that it will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of this discretion (*Pickerill* v. *Strain*, 196 Cal. 683 [239 Pac. 323]). While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. (*Ingrim* v. *Epperson*, 137 Cal. 372 [70 Pac. 165].) The matter being discretionary and reviewable only for

abuse, it may well be that this court would sustain an order denying such relief in one case and deny it in another, where the facts presented to the lower court were practically the same in both, because this court would not say that there was an abuse of discretion in either event (*Lynn* v. *Knobb etc. Co.*, 177 Cal. 56 [169 Pac. 1009]). In other words, it must be shown that the order is without any evidence whatsoever to sustain it.   Considering all the facts and circumstances as disclosed by the record, we are of the opinion that the court below did not abuse its discretion in refusing to vacate and set aside the decree. It appears from the affidavits presented on the motion that the case was twice regularly noticed for trial. At the time of the first setting of the cause defendants' attorney requested that the matter be allowed to stand over for three weeks upon the understanding that no further continuance would be asked for. Upon this agreement being made the attorneys for both parties called upon the clerk of department 16 of the court, where the cause was pending, and arranged for a day of trial. The matter was set for March 25, 1926, and plaintiff's attorney served notice of the new date of trial. The matter thereafter continuously appeared on the calendar of department 16 up to the time the default was entered. Prior to the date when the case was thus set for trial defendants' attorney, who resided in Visalia, sent a written communication to plaintiff's attorney informing him that he had received notice of the setting of the cause. This communication contained a proposed amended answer, which was subsequently filed. Defendants' attorney asked for the exact amount claimed to be due, but before a reply was given, defendant John J. Kelly called personally upon plaintiff's attorney and made a similar request. The exact amount due was stated to him, whereupon he attempted to enter into a discussion concerning the matter. Plaintiff's attorney refused to talk about the case except upon the question of immediate payment of the amount due, giving as a reason for such refusal that defendant was represented by an attorney and should act through him. Kelly then made the statement that he would demand a jury. He was informed that the suit being one in equity, defendants were not entitled to a jury trial. Thereafter Kelly personally consulted with certain officers of the court and filed a de-

mand in person for a jury trial. After the filing of this demand Kelly delivered to plaintiff's attorney a notice of motion to set the cause for trial. This notice was signed by Kelly alone, his attorney's name nowhere appearing thereon. It contained the recital that the motion would be heard in department 8 of said court on Friday, the nineteenth day of March, 1926. Plaintiff's attorney ignored the notice, as it was not made by the attorney of record. No notice of the motion appeared upon the calendar of department 8 or in the minutes of the court of said department on that day, but the same did appear on the calendar of department 16. Notwithstanding this fact, Kelly appeared personally in department 8 on the day noticed in support of the motion to set and succeeded in having the cause placed at the foot of the jury calendar in department 8. The judge of department 16 had no knowledge of the proceedings had in department 8 and the matter was ordered dropped from the calendar, but the original order setting the cause for trial on March 25, 1926, remained in full force. Upon procuring the consent of transfer in the manner indicated, Kelly procured a deputy court commissioner to draw up and present to the court a written order of transfer of the cause from department 16 to department 8, a jury department. This order recited that the case was a "jury case" and also that *plaintiff* had demanded a jury, both recitals being untrue. A copy of this order was mailed to plaintiff's attorney. As above stated, notwithstanding the irregular transfer, the case continued on the calendar of department 16 for trial on March 25, 1926. On this day plaintiff appeared with his witnesses for trial, evidence was taken and the decree here sought to be set aside was entered. The affidavit of Kelly's attorney states that the sole reason why he did not appear at the trial was because of the information he had received from his client concerning his activities. Such facts do not, in our opinion, show excusable neglect for his failure to appear at the trial. He knew or should have known that the transfer was irregular and had no effect upon the regularly noticed date of trial (*Tubby* v. *Tubby,* 202 Cal. 272 [260 Pac. 294]). ■ While a party to an action may appear in his own proper person or by attorney, he cannot do both. If he appears through an attorney, such attorney has the management and control of the action. If

a party becomes dissatisfied with his attorney he may make a change. Until this has been done the client cannot assume control of the case. (*Boca & L. R. Co.* v. *Superior Court,* 150 Cal. 153 [88 Pac. 718].) This rule is indispensable to orderly conduct of a cause. The facts indicate that the activities of Kelly were for the sole purpose of obtaining delay and offer no excuse for defendants' attorney failing to be present at the time the case was regularly set for trial and of which he had legal notice. Under all the facts and circumstances the court below was justified in refusing to vacate the decree.

The order is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 9, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1929.

All the Justices concurred.