[Civ. No. 7865. First Appellate District, Division One.—October 28, 1931.]

ANGLO CALIFORNIA TRUST COMPANY (a Corporation), as Administrator, etc., Respondent, v. LILLIAN KELLEY et al., Appellants.

Siemon & Garber, Alfred Siemon, Paul F. Garber and Jackson Mahon for Appellants.

Grover O'Connor for Respondent.

GRAY, J., *pro tem.*—This appeal from a judgment on the pleadings, quieting respondent's title to certain real property presents for decision the sole question: Does the answer state a defense? If it does not, the judgment is correct. (*Hamman* v. *Milne,* 179 Cal. 634 [178 Pac. 523]; *White* v. *Jacobs,* 204 Cal. 334 [267 Pac. 1087].) A brief summary of the essential allegations of the complaint and answer suffices for a determination of this question. ■ The sufficiency of the answer is to be measured in the light of the following rules: Every affirmative allegation of the answer must be deemed true and, if the answer is sufficient, as against a general demurrer, the judgment cannot stand. (*Cuneo* v. *Lawson,* 203 Cal. 190 [263 Pac. 530].) Consideration cannot be given to matters outside of the allegations of the answer, including its admissions; nor to formal defects in the answer, which can be reached only by a special demurrer. (*Elmore* v. *Tingley,* 78 Cal. App. 460 [248 Pac. 706].)

The complaint alleges that in a prior action to foreclose a mortgage upon the same property, wherein respondent was plaintiff and appellants were defendants, the Superior Court in and for the City and County of San Francisco, on March 26, 1926, duly and regularly made its decree of foreclosure; that this court, upon appellants' appeal, affirmed that judgment; that, pursuant to the decree, the commissioner therein named, on April 27, 1926, sold the property to respondent and, on April 28, 1927, deeded it to respondent. Copies of the decree, opinion of this court affirming the judgment (95 Cal. App. 390 [272 Pac. 1080]) and deed are attached as exhibits and incorporated by reference into the complaint.

Appellants' joint answer merely denies that the superior court "duly and/or made the decree of foreclosure" and affirmatively alleges that the decree was secured by reason of appellants' mistake and respondent's fraud, whereby appellants were prevented from presenting their defenses. The answer next fully details these defenses, which it is alleged were also pleaded in the foreclosure action and which,

summarized, consisted of a denial of the debt, lack of consideration for the mortgage note, a counterclaim, which an accounting would establish to be in excess of such note, and the invalidity of the note's assignment to respondent's intestate.

As to appellant's mistake and respondent's fraud, it is alleged that on March 10, 1926, said action was set for trial on March 25, 1926, in department 16 of said superior court; that on March 16, 1926, the presiding judge reassigned said action to department 8, of which reassignment appellants notified respondent; that on March 19, 1926, upon appellants' motion, after notice to respondent, said action was set for trial at the foot of the jury calendar; that appellants arranged with the court clerk for notice as to when the case would be reached; that appellants believed the case was transferred and that they would receive such notice from the clerk and did not expect or have any intimation from respondent that the case would be called for trial as originally set; that on March 25, 1926, knowing such belief of appellants and their mistake as to the effect of such reassignment and their willingness to have been in court if notified, respondent, for the purpose of defrauding appellants of their defenses, proceeded to trial in department 16, in the absence of appellants and without notice to them and without advising the court of such reassignment, and procured, by default, the decree of foreclosure. The appellants further allege that, upon learning of the entry of the decree and sale, they moved the trial court to vacate the decree, but were refused by an order which became final January, 1929. The answer concludes that respondent, because of its purchase of the property under the decree so obtained, holds title in trust for defendants.

The answer is a direct attack upon the decree of foreclosure. (*Follette* v. *Pacific Light & Power Corp.*, 189 Cal. 193 [23 A. L. R. 965, 208 Pac. 295]; *Boyle* v. *Boyle*, 97 Cal. App. 703 [276 Pac. 118].) "Equity will relieve an injured party from the effect of a judgment procured by extrinsic fraud, mistake or excusable neglect which were not the result of negligence or laches on the part of the complainant. (*Sohler* v. *Sohler*, 135 Cal. 323 [87 Am. St. Rep. 98, 67 Pac. 282]; *Bacon* v. *Bacon*, 150 Cal. 477 [89 Pac. 317]; *Simonton* v. *Los Angeles T. & S. Bank*, 192 Cal. 651, 656

[221 Pac. 368]; *Estate of Ross*, 180 Cal. 651, 658 [182 Pac. 752]; *Clavey* v. *Loney*, 80 Cal. App. 20 [251 Pac. 232].)" (*Jeffords* v. *Young*, 98 Cal. App. 400, 404 [277 Pac. 163, 165].) "It is elementary that the courts of this state may in an equitable proceeding inquire whether a judgment valid on its face was obtained by fraud. Sometimes such judgments may be set aside, but even in cases where this relief cannot be had a court of equity may 'prevent an inequitable advantage being taken of it (the judgment) by adjudging the guilty beneficiary or his successor with notice a trustee for the defrauded party'. (*Campbell-Kawannanakoa* v. *Campbell*, 152 Cal. 201, 208 [92 Pac. 184, 187]; *Estate of Walker*, 160 Cal. 547 [36 L. R. A. (N. S.) 89, 117. Pac. 510].)" (*Title Ins. etc. Co.* v. *California Dev. Co.*, 171 Cal. 173, 208 [152 Pac. 542, 557].) The denial of appellants' motion to vacate the default decree of foreclosure under the provisions of section 473 of the Code of Civil Procedure by the trial court, which was affirmed by this court (95 Cal. App. 390 [272 Pac. 1080]), is not a bar to the defense pleaded in their answer. (*Estudillo* v. *Security Loan etc. Co.*, 149 Cal. 556 [87. Pac. 19]; *Bacon* v. *Bacon, supra; Lake* v. *Bonynge*, 161 Cal. 120 [118 Pac. 535]; *Carp* v. *Superior Court*, 76 Cal. App. 481 [245 Pac. 459].)

The period of limitation in which appellants could seek relief from the decree on the ground of fraud or mistake was three years from the discovery of the fraud or mistake. (Code Civ. Proc., sec. 338; *Estudillo* v. *Security Loan etc. Co., supra; Davis* v. *Hibernia Sav. etc. Soc.*, 21 Cal. App. 444 [142 Pac. 462].) The complaint alleges, and the answer, by failure to deny, admits that the decree of foreclosure was granted on March 26, 1926. From the transcript, it appears that the answer was filed March 22, 1930. Therefore approximately four years elapsed from the commission of the alleged. fraud or the happening of the mistake before appellants sought relief. Nowhere in the answer is there any statement as to the time when appellants learned the facts constituting the fraud or mistake, nor any statement excusing their failure to learn the facts within the statutory limitation. The following excerpt from *Osmont* v. *All Persons, etc.*, 165 Cal. 587, 596 [133 Pac. 480, 484], is therefore particularly pertinent: "And, finally, it is to be remembered that the decree of distribution was entered in 1901. The

cause of action to set this aside for fraud then immediately arose, and was barred in three years from that date. The right of action upon the fraud of Osmont in procuring the decree, to the end that he might be charged as trustee, is itself barred in three years after the discovery of the fraud. The right of a party to invoke the aid of a court of equity for relief against fraud after the expiration of three years from the time when the fraud was committed is an exception to the general statute and cannot be asserted unless the plaintiff brings himself within the terms of the exception. This can only be done by a showing that he did not discover the facts constituting the fraud until within the three years immediately prior to the commencement of his action. This showing is an essential element of the right of action and must be affirmatively pleaded in order to authorize the court to entertain the action. (*Sublette* v. *Tinney*, 9 Cal. 423; *Watkins* v. *Bryant*, 91 Cal. 492 [27 Pac. 775]; *Castro* v. *Geil*, 110 Cal. 292 [52 Am. St. Rep. 84, 42 Pac. 804]; *Lady Washington C. Co.* v. *Wood*, 113 Cal. 482 [45 Pac. 809].) No such showing is here made.'' (See, also, *Davis* v. *Hibernia Sav. etc. Soc.*, *supra*.)

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.