478

[Civ. No. 10781.   Second Appellate District, Division Two.—January 28, 1936.]

ROSE B. REYBURN, Respondent, v. ADAH HUNT YOUNG et al., Appellants.

H. E. Gleason for Appellants.

Barry Sullivan for Respondent.

McCOMB, J., *pro tem.*—This is an appeal on the judgment roll alone from a default judgment entered in favor of plaintiff.

The complaint alleged that on September 21, 1927, Joseph Stuart Reyburn and Rose B. Reyburn, husband and wife, entered into a property settlement, dividing their property and agreeing that they would not revoke reciprocal wills which they executed on the same date.   Thereafter the parties were divorced and Joseph Stuart Reyburn married Edna Hunt Reyburn, and executed a new will, naming as sole beneficiaries Edna Hunt Reyburn and his son.   He died March 7, 1932.   Plaintiff brought this action for the purpose

of having the terms of the property settlement with the deceased specifically enforced.

█ The defendants rely for reversal of the judgment on the proposition that *the complaint does not state facts sufficient to constitute a cause of action.*

This contention is tenable. The action is one in equity to enforce an agreement to dispose of property in a particular way by last will and testament and is therefore referable to the subject of specific performance for the principles of law applicable. (*Rundell* v. *McDonald,* 62 Cal. App. 721, 728 [217 Pac. 1082].) It is well settled that in order to state a cause of action for specific performance plaintiff must allege (a) performance, (b) an offer of performance, or (c) a sufficient excuse for nonperformance, of the terms and conditions of the contract upon her part to be performed. (58 Cor. Jur. 1161, sec. 484; *Chadbourne* v. *Stockton Savings & Loan Society,* 88 Cal. 636, 639 [26 Pac. 529]; *Lynn* v. *Knob Hill Improvement Co.,* 177 Cal. 56, 60 [169 Pac. 1009].) In the instant case there is no allegation in the complaint of any one or more of the foregoing prerequisites to the statement of a cause of action for specific performance of a contract.

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.