[Civ. No. 10936. Second Appellate District, Division Two.—May 4, 1936.]

MATTIE P. CLEMMENS, Respondent, v. HERBERT CLEMMENS, Defendant; LILLIAN MAY LOWERY, Appellant.

652

Jerome D. Rosenfield for appellant.

Hooper & Miller for Respondent.

CRAIL, P. J.—The sole question presented on this appeal is this: Did the trial court abuse its discretion in granting plaintiff's motion to terminate proceedings for preparation of the reporter's transcript? The appeal is from such an order. The notice of appeal from the judgment was filed on April 14, 1934. On the same day the defendant filed her notice to the clerk of the court to prepare the transcript but did not arrange for the costs thereof. On January 22, 1935, no transcript having been prepared, plaintiff gave notice to defendant of the plaintiff's intention to move to terminate proceedings for the preparation of the transcript on appeal because of the want of diligence of the defendant, and on January 29, 1935, the motion was duly made and granted.

Such an order will not be disturbed on appeal except for an abuse of discretion (*Fisher* v. *Oliver*, 174 Cal. 781 [164 Pac. 800]) and this court will not substitute its opinion for that of the trial court unless it is able to say that a clear abuse of discretion appears. It is not sufficient for an appellant, complaining of such an order, merely to cite to an appellate court cases in which orders denying motions similar to the one invoked herein have been sustained upon appeal. (*Lynn* v. *Knob Hill Improvement Co.*, 177 Cal. 56 [169 Pac. 1009].)

Here was a long delay in the proceedings for preparation of the reporter's transcript. The spirit of the law is in favor of early appeals and against delay. We cannot say

that in making the order the trial court exceeded the bounds of reason—all the circumstances before it being considered. (*Sharon* v. *Sharon*, 75 Cal. 1 [16 Pac. 345].)

Order affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.