[Civ. No. 13554.   First Dist., Div. Two.   Mar. 25, 1948.]

FRANK DEL PORTO, Appellant, v. STEPHEN F. O'DONNELL, Respondent.

Ray E. Montrose and Theodore M. Monell for Appellant.

Eugene H. O'Donnell and Ralph Bancroft for Respondent.

NOURSE, P. J.—Plaintiff sued for specific performance of a written contract to sell real property. Judgment of non-suit was entered on the ground that plaintiff had failed to prove a case for specific performance.

The contract called for the payment of $1,000 down (which was paid) and a balance of $6,500 to be paid to a designated title company upon payment of which the seller was to deliver to the same title company a duly acknowledged deed of conveyance. No part of the balance was paid. The complaint failed to allege payment or offer to pay the balance. And no proof of either was tendered. The purchaser was thus in default and, under the express terms of the contract, the seller was then authorized to treat the contract as forfeited and to retain the deposit. Civil Code, section 1439.

Though the plaintiff did not plead an excuse for a tender to bring his case within section 1440 of the Civil Code he now argues that his tender was excused because the seller was unable to deliver the premises free from tenants. But this contingency was covered by the contract which read:

"If above premises are wholly tenant occupied, this offer is made with the express understanding that purchaser(s) cannot occupy any portion of said premises, unless, and until the OPA has given written permission to evict tenant(s) from portion of building the purchaser(s) desire to occupy unless, however, the tenant(s) voluntarily move."

A typewritten addendum appears in the contract reading: "Said Seller agrees to not rent the 5-room unfurnished flat (upper), now vacant, and to deliver same to purchaser for occupancy within a period of two weeks from March 1st, 1945."

The only evidence which tends to prove the unpleaded excuse for performance is that at some time someone permitted

someone to move some furniture into the upper flat. The seller did not agree to rent the upper flat. The only evidence is that somebody moved into the upper flat without his permission and there is no evidence that the purchaser made any objection on that ground.

Since appellant failed either to allege or prove tender or excuse for tender and since the only thing in the nature of an excuse to avoid his forfeiture is answered by his own contract, appellant's case comes squarely within the rule of *Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 10 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199], holding that neither party to such a contract could maintain an action for its performance without having performed the conditions to be performed by him. For recent cases see *Dunner* v. *Hoover*, 43 Cal.App.2d 753, 758 [111 P.2d 737] ; *Reyburn* v. *Young*, 11 Cal.App.2d 478 [54 P.2d 86] ; *Mayer* v. *Beondo*, 83 Cal.App. 2d 665, 667 [189 P.2d 327] ; *Lifton* v. *Harshman*, 80 Cal. App.2d 422, 435 [182 P.2d 222].

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied April 24, 1948.