[Civ. No. 10187.   Third Dist.   Feb. 8, 1962.]

MARVIN DAVID BARGER, a Minor, etc., et al., Plaintiffs and Appellants, v. BARNEY GABRIEL et al., Defendants and Respondents.

Kessler, Kessler & Greenberg for Plaintiffs and Appellants.

Low & Ball and Raymond A. Leonard for Defendants and Respondents.

SCHOTTKY, J.—Marvin David Barger, a minor, sustained a head injury when he was struck while riding a bicycle by a taxicab owned by Barney Gabriel, doing business as Yellow Cab Company, and driven by Lewis Hopkins. An action was commenced by Marvin Lucius Barger, father of the minor, individually, and as guardian *ad litem*, to recover for such injuries.

It appears from the record that on September 15, 1959, counsel informed the court that the case had been settled. The medical reports of the doctors who had examined the minor were introduced in evidence. A stipulation that judgment could be entered in favor of the plaintiffs in the amount of $3,000 was read into the record. The reporter's transcript discloses that the court ordered that judgment be entered in accordance with the stipulation. The clerk's minutes indicate the following: "Mrs. Leona Barger is sworn and testifies. It is orally stipulated by counsel that judgment be entered in favor of the plaintiffs and against the defendants in the sum of $3,000.00 including all costs of suit. It is so ordered by the Court. Let Judgment be entered accordingly."

No notice of entry of judgment was served. In March 1960 a motion was made to set aside the stipulation that judgment be entered, or to set aside the judgment, or for a new trial. The basis of the motion was that a new medical report indicated that the injuries sustained by the minor were more severe than was originally thought. The trial court after a hearing denied the motion.

Plaintiffs have appealed "from the order denying their MOTION TO SET ASIDE STIPULATION, MINUTE ORDER AND/OR JUDGMENT AND FOR NEW TRIAL, . . ." While no separate formal judgment was entered, it is clear from the stipulation, the minute order, and the briefs of respective counsel that the entry in the minute order is regarded by them as the judgment in the action.

Appellants' first contention is that "The judgment heretofore entered should be set aside" for the reason that a party is entitled under section 473 of the Code of Civil Procedure to be relieved of a judgment taken or entered by mistake. Appellants quote the well-settled rule that "The law is well established that a judgment or order obtained by fraud

or mistake may be set aside under section 473 of the Code of Civil Procedure when the application is made within a reasonable time and the fraud or mistake proved." (*Vale* v. *Maryland Casualty Co.*, 101 Cal.App. 599, 602 [281 P. 1058].) Appellants also cite the case of *Salazer* v. *Steelman*, 22 Cal. App.2d 402 [71 P.2d 79], in which the court defined "mistake" as the doing of an act under an erroneous conviction, which act, but for such erroneous conviction, would not have been done.

Appellants concede, as indeed they must, that the granting or denial of a motion under section 473 to vacate a judgment is committed to the sound discretion of the trial judge. They argue, however, that at the time of the settlement and stipulated judgment the only medical reports available were the medical reports submitted to the court and that the case would not have been settled had the evidence of Dr. Colony been available. The affidavit of Dr. Colony filed in support of appellants' motion stated that Dr. Colony had examined the minor on December 3, 1959, and indicated that the injuries to the minor were more severe than were indicated by the reports of the three doctors which were submitted to the trial court at the time the settlement was approved. Appellants then proceed to argue that it was an abuse of discretion for the trial court to deny their motion to vacate the judgment.

As we view the matter, it was for the trial court to weigh all of the evidence and determine whether or not the judgment should be vacated. The stipulated judgment was reached in open court and approved by the judge as fair. The amount was for at least six times the total special damages, including those not related to pain and suffering. Appellants were represented by competent counsel, were fully informed of the proceedings, and expressly approved the judgment. The court had before it the prior opinions of three doctors other than Dr. Colony. It had before it a conflict as to whether Marvin David Barger was unconscious following the accident (in his deposition it was indicated that he never lost consciousness, while the history given by him to Dr. Colony indicated that he had). It had before it evidence that the minor's schoolwork had not only not suffered following the accident, as indicated via affidavit, but indeed had slightly improved in some areas. It had before it the affidavit of respondents' attorney, indicating that the difficulty as represented to him by appellants' attorney consisted of a dispute

between appellants and their own counsel as to the amount of attorneys' fees and the disposition of the proceeds.

As stated in *Baratti* v. *Baratti*, 109 Cal.App.2d 917 [242 P.2d 22], at page 921: ''The granting or denial of a motion to vacate a default and a judgment based thereon on the ground of mistake, inadvertence, surprise or excusable neglect, rests in the sound discretion of the trial court; and the order will not be disturbed on appeal unless it clearly appears that the trial court was guilty of an abuse of discretion. All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. (*Estate of McCarthy*, 23 Cal.App.2d 398, 400 [73 P.2d 914].)''

And as stated in *Anglo California Trust Co.* v. *Kelly*, 95 Cal. App. 390 [272 P. 1080], at page 391: ''. . . It is, of course, elementary, that the action of a court upon an application to set aside a default, or grant relief therefrom, rests so largely in its discretion that it will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of this discretion (*Pickerill* v. *Strain*, 196 Cal. 683 [239 P. 323]). While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. (*Ingrim* v. *Epperson*, 137 Cal. 372 [70 P. 165].) The matter being discretionary and reviewable only for abuse, it may well be that this court would sustain an order denying such relief in one case and deny it in another, where the facts presented to the lower court were practically the same in both, because this court would not say that there was an abuse of discretion in either event (*Lynn* v. *Knobb etc. Co.*, 177 Cal. 56 [169 P. 1009]). In other words, it must be shown that the order is without any evidence whatsoever to sustain it.''

Applying the foregoing well-settled rules to the instant case, and considering all the facts and circumstances as disclosed by the record, we are of the opinion that we would not be justified in holding that the court below abused its discretion in denying the motion to set aside the judgment.

Our conclusion that the trial court did not abuse its discretion in denying the motion to vacate the judgment makes it unnecessary to discuss the remaining contention of appellants that the court abused its discretion in not granting their motion for a new trial.

The judgment and order are affirmed.

Peek, P. J., and Pierce, J., concurred.