[Civ. No. 5081. Third Appellate District.—March 31, 1934.]

ELECTRIC UTILITIES COMPANY, Appellant, v. LAFAYETTE J. SMALLPAGE et al., Respondents.

Charles A. Menne, *in pro. per.*, for Appellant.

Lafayette J. Smallpage and Chas. H. Epperson for Respondents.

THOMPSON, J.—The defendants have moved to dismiss the appeal which was taken from a judgment rendered and entered against the plaintiff for failure to amend his

third amended complaint within the time allowed after a demurrer thereto had been sustained. The motion to dismiss the appeal is made pursuant to rule V of the Rules for the Supreme Court and District Courts of Appeal, for failure on the part of the appellant to file his points and authorities as required, and on the further ground that the appeal was taken merely for delay and presents questions only of unsubstantial merit.

It appears from the complaint that Charles A. Menne was doing business under the fictitious name of Electric Utilities Company. The third amended complaint was filed in the name of Electric Utilities Company. It also appears from the complaint that the plaintiff had been declared a bankrupt prior to the commencement of this action, and that a trustee of his estate had been appointed and qualified. To this third amended complaint the defendants filed a demurrer under the provisions of section 430 of the Code of Civil Procedure, upon the ground, among numerous other grounds which were stated, that there is a defect of party plaintiff, since it appears the plaintiff is a bankrupt, and that the legal authority to maintain the action in his behalf is vested solely in his trustee in bankruptcy. April 24, 1933, this demurrer was sustained and the plaintiff was granted ten days in which to amend his pleading. The plaintiff failed and neglected to amend his complaint within the time allowed, or at all. After due notice, and upon hearing, judgment of dismissal of the action was rendered against the plaintiff because of his default. From this judgment the plaintiff appealed.

The plaintiff's attorneys of record, as appears from the third amended complaint, were B. M. Bainbridge and A. H. Carpenter. Since filing the complaint above mentioned, Mr. Carpenter died. Mr. Bainbridge still appears to be a surviving attorney of record in behalf of the plaintiff. The transcript on appeal was filed January 9, 1934. On February 8, 1934, appellant's purported points and authorities were signed only by Charles A. Menne, *"In Pro. Per."*, and filed in this court. While the plaintiff is still represented by an attorney of record, he has no legal authority to appear and file points and authorities or control the proceedings on appeal in his own behalf. There is no evidence in the record

of a termination of the employment of plaintiff's attorney, B. M. Bainbridge, or of a substitution of attorneys pursuant to section 284 of the Code of Civil Procedure. ▮ While a litigant has a duly employed attorney of record, that attorney retains the exclusive right to appear and control the court proceedings upon trial or on appeal of the case. (6 C. J., p. 643, sec. 147; *Anglo California Trust Co.* v. *Kelly,* 95 Cal. App. 390 [272 Pac. 1080]; *Boca etc. R. R. Co.* v. *Superior Court,* 150 Cal. 153 [88 Pac. 718].) In the Boca case last cited the syllabus correctly states the rule which usually precludes a litigant from appearing in his own behalf when he has an attorney of record, as follows: "A plaintiff in an action may either appear in his own proper person or by attorney; but he cannot do both, and if he has appeared by attorney, he has no power of control over the action otherwise than through his original or substituted attorney of record."

▮ We are of the opinion the plaintiff in this case was without authority to file points and authorities in his proper person, since he had an attorney of record, and that the appellant's purported brief on appeal should therefore be stricken from the records. It follows that the motion to dismiss the appeal should be granted for failure on the part of the plaintiff to file his points and authorities as required by law.

▮ A motion to dismiss an appeal under the rules of court should usually receive a liberal construction to the end that the cause may be heard on its merits. ▮ In the present case, however, it appears that the appeal is without substantial merit, for the reason that the plaintiff has been declared a bankrupt, and that the trustee of his bankrupt estate has the exclusive right to maintain the action in his behalf. (7 C. J., p. 348, sec. 614.) The demurrer to the third amended complaint was therefore necessarily and properly sustained.

It is ordered that the appellant's purported points and authorities be stricken from the record and that the motion to dismiss the appeal be and it is hereby granted. The appeal is dismissed.

Pullen, P. J., and Plummer, J., concurred.