Filed 8/20/21  P. v. Tran CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KHIEM TRAN,<br><br>    Defendant and Appellant. | C093005<br><br>(Super. Ct. No. 13F06635) |

This appeal arises from the trial court's denial of defendant Khiem Tran's Penal Code section 1170.95 petition for resentencing.[1]  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant subsequently filed a supplemental brief also seeking

---

[1]  Further undesignated statutory references are to the Penal Code.

1

our review of his case but not arguing any specific issues with the judgment.  After reviewing the entire record, we affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Most of the background facts are taken from our previous opinion in *People v. Tran* (Nov. 3, 2017, C081997) [nonpub. opn.] (Slip Opn.).

Defendant killed his wife while intoxicated by stabbing her multiple times after the two got in a fight.  (Slip Opn., at p. 2.)  In January 2016, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true he personally used a deadly weapon (§ 12022, subd. (b)(1)).  (Slip Opn., at p. 2.)  In April 2016, defendant was sentenced to 16 years to life in prison.  In November 2017, we affirmed defendant's second degree murder conviction in his direct appeal from the criminal judgment.  (Slip Opn., at p. 7.)

In July 2019, defendant filed his petition for resentencing pursuant to recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.).  In September 2020, after receiving briefing from the parties, the court denied the petition.  Defendant timely appealed.

DISCUSSION

Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Counsel acknowledges the split in authority as to whether *Wende* review of the trial court's denial of a section 1170.95 petition should be routinely undertaken by the appellate courts, but asks that we review this case on appeal in any event, in the interests of justice.

Defendant timely filed a supplemental brief.  He argues throughout for a "second chance," and reiterates his counsel's request for us to do an independent review, but does not argue there are any specific issues with the judgment.

We need not address the split in authority as to under what circumstances the protections afforded by *Wende* apply to this appeal.  Given that counsel has asked for

2

review in the interests of justice and defendant has filed a supplemental brief, we exercise our discretion to review the case for error. (See *People v. Figueras* (2021) 61 Cal.App.5th 108, 113 [suggesting that even assuming no right to *Wende* protections, dismissal of appeal as abandoned not appropriate where defendant has filed a supplemental brief], review granted May 12, 2021, S267870); *People v. Flores* (2020) 54 Cal.App.5th 266, 274 [although *Wende* review is not legally compelled on appeal from an order denying a § 1170.95 petition, an appellate court "can and should" independently review the record on appeal].)

Having examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

I concur:

/s/
Mauro, J.

HULL, J., Dissenting.

While the majority does not decide the question, I am of the opinion that California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of post-conviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) This is so because this is not the defendant's first appeal as of right. (See, *In re Sade C.* (1996) 13 Cal.4th 952, 986 [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

We thus have before us a "standard" appeal from an order denying post-conviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances, I would consider the appeal abandoned and dismiss the appeal.

There is much disagreement among our courts of appeal regarding the proper disposition of non-*Wende* appeals where, as here, the defendant/appellant has chosen to raise issues in the appeal on his own and notwithstanding the fact that his appointed counsel has reported to the court that he or she cannot find any arguable appellate issues. Must the court review and resolve those issues, thus adopting the *Wende* procedure in a non-*Wende* appeal? For the reasons that follow, I do not think the court can or should do so.

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris* (1956)[ ] 46 Cal.2d 540, 554 applies to the filing of *pro se* documents on appeal (*Electric Utilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)." (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

". . . .[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969)

71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].)  In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right.  (*Martinez*[ (2000)] 528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].)  As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction.  (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.)  Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt.  (*Id.* at p. 162.)  Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution.  (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court.  That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals.  (*Clark*[ *(1992)*] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson*[ (1959)] 51 Cal.2d [777, 798 [].)  As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and

2

discussion of the contentions made in propria persona . . . .' (*Mattson, supra*, 51 Cal.2d at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra*, 3 Cal.4th at p. 173.) Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett)*, emphasis added.)

Although *Barnett* was a capital appeal, notably, the Supreme Court cited with approval *People v. Scott* and *People v. Mattson,* thus extending the same appellate rules to non-capital appeals.

Thus, in a non-*Wende* appeal, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution.

I recognize that some courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory powers to control the proceedings before it. (See e.g., *People v. Cole, supra,* 52 Cal.App.5th 1023, review granted.) I submit that those courts simply do not have the authority to do so given the California Supreme Court's holding in *Barnett*.

I also recognize that the issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief.  But it must be left up to that court to do so.  Until it does, I would dismiss appeals such as the one presently before us.


_____/s/_____
HULL, Acting P.J.