Filed 9/22/21  P. v. Perry CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093086 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F05978) |
| v. | |
| JONATHAN LAMAR PERRY, | |
| Defendant and Appellant. | |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Jonathan Lamar Perry "disciplined" his girlfriend's four-year-old son with a "whuppin" so severe the child died as a result of the injuries. The injuries included a laceration of the liver, brain hemorrhages, multiple cerebral bruises in the front and temporal lobes and the right occipital lobe of his brain, and skull fractures that caused the child's brain to swell such that vital structures herniated in an area of the brain that

1

controls respiration and his heartbeat suffered, killing the child. (*People v. Perry* (Nov. 28, 2012, C068456 [nonpub. opn.].) A jury convicted defendant of second degree murder (count 1; Pen. Code, § 187, subd. (a); undesignated statutory references that follow are to the Penal Code), and assault resulting in the death of a child under age eight (count 2; § 273ab). The jury also convicted defendant of felony child abuse as against his girlfriend's three-year-old son for separate acts of abuse (count 3; § 273a, subd. (a)). (*People v. Perry,* C068456*, supra*.) The trial court sentenced him to a term of 25 years to life for the assault resulting in death of a child, imposed and stayed under section 654 a 15 year to life sentence for second degree murder, plus a four-year term for child abuse.

In July 2020, defendant filed a petition for resentencing under section 1170.95. The court appointed counsel and the parties briefed the issue. The court denied the motion, concluding defendant was not entitled to relief as he was not tried on a felony-murder theory and defendant was the sole person who inflicted the "fatal blows"; that is, he was the actual killer, not an accomplice to a different act.

Defendant appealed.

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant was advised by counsel of the right to file a supplemental brief. Defendant filed a document that appears to be an attachment to a parole board hearing and includes descriptions of how his life would be impacted by commutation of his sentence, apology letters, relapse prevention plans, and plans for release. The document does not include any legal arguments or claims asserting the trial court erred in denying his section 1170.95 petition.

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555

2

[95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of post-conviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.) This is so because this is not the defendant's first appeal as of right. (See, *In re Sade C.* (1996) 13 Cal.4th 952, 986 [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

We thus have before us a "standard" appeal from an order denying post-conviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances and for the following reasons, we consider the appeal abandoned and order the appeal dismissed.

There is disagreement among the California courts of appeal regarding the proper disposition of non-*Wende* appeals where, as here, the defendant/appellant has chosen to raise issues in the appeal on his own and notwithstanding the fact that his appointed counsel has reported to the court that he or she cannot find any arguable appellate issues. Must or should the court review and resolve those issues, thus adopting the *Wende* procedure in a non-*Wende* appeal?

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris* (1956)[ ] 46 Cal.2d 540, 554) applies to the filing of *pro se* documents on appeal (*ElectricUtilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)." (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

"[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)]

64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].)  In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right.  (*Martinez*[ (2000)] 528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].)  As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction.  (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.)  Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt.  (*Id.* at p. 162.)  Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution.  (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court.  That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals.  ([*People v.*] *Clark*[ *(1992)*] 3 Cal.4th [41,] 173[, abrogated on other grounds] [(*Clark*)]; *Mattson*[ (1959)] 51 Cal.2d [777, 798 []].)  As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .' (*Mattson, supra*, 51 Cal.2d

4

at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra*, 3 Cal.4th at p. 173.) Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed,will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett*), emphasis added; accord, *Clark, supra,* 3 Cal.4th at p. 173 [reiterating the rule that a defendant who is represented by an attorney will not be personally recognized by the court in the conduct of his case applies to a defendant's filing of *pro se* documents on appeal].)

Thus, in a non-*Wende* appeal, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution.

Some appellate courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory power to control the proceedings before it. (See e.g., *People v. Cole, supra,* 52 Cal.App.5th 1023, review granted.) We submit those courts simply do not have the authority to do so given the California Supreme Court's holdings in *Mattson, Clark, and Barnett*.

The issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief. But it must be left up to that court to do so. Until it does, appeals such as the one presently before us must be considered abandoned and ordered dismissed.

DISPOSITION

The appeal is dismissed.

_____
HULL, J.

We concur:

_____
BLEASE, Acting P. J.

_____
KRAUSE, J.

6