Filed 12/15/21  P. v. Robinson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C092166 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF956265) |
| v. | |
| RUSLEY ROBINSON, JR., | |
| Defendant and Appellant. | |

This appeal following the trial court's resentencing of defendant Rusley Robinson, Jr., pursuant to Penal Code section 1170, subdivision (d)(1) (statutory section references that follow are to the Penal Code), comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

FACTS AND HISTORY OF THE PROCEEDINGS

We granted defendant's request to incorporate the record on appeal in case No. C024067, and we take this summary directly from our previous opinion.  (*People v. Robinson* (Apr. 22, 1997, C024067) [nonpub. opn.]).

1

In 1996, a jury convicted defendant of seven counts of attempted murder (counts one through seven), seven counts of assault with a deadly weapon with a firearm (counts eight through fourteen), one count of shooting into an occupied vehicle (count fifteen), and two counts of being a convicted felon in possession of a firearm (counts sixteen and seventeen), and found true the enhancement allegations that defendant personally used a firearm in commission of the attempted murders and had a prior serious felony conviction. (*People v. Robinson, supra*, C024067 at pp. 1-2.) The trial court sentenced him to an aggregate term of 34 years and eight months. (*Id.* at p. 2.) We affirmed the convictions and special findings but concluded there was sentencing error. We vacated the sentence and remanded to the trial court to exercise its discretion as to whether to sentence the counts involving multiple victims concurrently or consecutively and to impose the required consecutive term on count sixteen. (*Id.* at pp. 4, 14-18.)

On remand in 1997, defendant was represented by counsel at the resentencing. The trial court sentenced defendant to the same aggregate term of 34 years and eight months, concluding it did not need to resentence on the counts involving multiple victims, as the sentence appropriately reflected defendant's culpability, and again imposed a concurrent term on count sixteen.

In 2019, the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter noting various errors and conflicts in the 1997 abstract of judgment and seeking correction. The letter also indicated that the resentencing had not complied with our directions on remand to impose a consecutive sentence on count sixteen.

Defendant was assigned counsel from the public defender's office, who filed a motion to resentence and strike or modify the firearm enhancement under section 1170, subdivision (d)(1). The trial court subsequently granted defendant's motion to represent himself under *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562]. Defendant also filed a motion to vacate a void judgment.

Defendant moved the court to strike the public defender's section 1170, subdivision (d)(1) motion. The trial court declined to strike the motion, but agreed to drop it from calendar. Defendant filed a number of additional motions. The trial court denied these motions, including the motion to vacate the judgment.

Defendant filed a motion to resentence and strike the firearm enhancements. The trial court requested a supplemental probation report and set the matter before the original trial judge.

As to resentencing, defendant argued his 34-year sentence had been too severe. He noted he had already served 25 years of his sentence, and his postconviction institutional conduct involved no rules violations. He informed the court he had a written document that delineated his postconviction conduct. The court stated it would consider that document in determining whether to reduce defendant's sentence.

At the resentencing hearing, defendant indicated he was moving to strike the firearm enhancement associated with count three and the firearm enhancement associated with his prior strike conviction, under the new discretion granted the trial court under Senate Bill No. 620 and Senate Bill No. 1393, respectively. The court denied the motion as to defendant's prior strike conviction.

As to the firearm enhancements, the court noted the CDCR letter reflected not merely clerical errors, but also judicial error in imposing a concurrent sentence for count sixteen. As such, the court concluded it was entitled to reconsider the entire sentencing scheme and reassess all of its sentencing choices. The court concluded it was in the interest of justice to strike the 10-year firearm enhancements, as defendant was now 60 years old and had served 25 years of his sentence, had used a type of ammunition least likely to cause bodily injury, and the most serious injury sustained was as a result of conduct in a charge not associated with a firearm enhancement. Accordingly, the trial court resentenced defendant to an aggregate term of 26 years. The court imposed the upper term of nine years on counts one through seven, doubled pursuant to the strike, and

3

stayed the 10-year firearm enhancement sentence and under section 654, the court stayed the sentences on counts one, two, four, five, six, and seven.  On counts nine through fourteen, the court imposed and stayed the upper term of eight years on each count.  The court imposed a consecutive term of three years and four months on count fifteen.  And on counts sixteen and seventeen, the trial court imposed a consecutive term of 16 months each.  The court reimposed the previous fines and fees.

Defendant appealed.

## DISCUSSION

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*.

Defendant has filed a supplemental brief.  He raises claims related solely to the validity of the underlying judgments of conviction, including challenges to the propriety of the information and complaint and lack of subject matter jurisdiction.  He raises no claims as to the resentencing.  Defendant also states he was released from custody in October 2020.

California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of post-conviction relief.  (*People v. Figueras* (2021) 61 Cal.App.5th 111, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, (S264278).)  This is so because this is not the defendant's first appeal as of right.  (See, *In re Sade C.* (1996) 13 Cal.4th 952, 986 [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

We thus have before us a "standard" appeal from an order denying post-conviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal.  Under these circumstances and for the following reasons, we consider the appeal abandoned and order the appeal dismissed.

4

There is disagreement among the California courts of appeal regarding the proper disposition of non-*Wende* appeals where, as here, the defendant/appellant has chosen to raise issues in the appeal on his own and notwithstanding the fact that his appointed counsel has reported to the court that he or she cannot find any arguable appellate issues. Must or should the court review and resolve those issues, thus adopting the *Wende* procedure in a non-*Wende* appeal?

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris*(1956)[ ] 46 Cal.2d 540, 554) applies to the filing of *pro se* documents on appeal (*ElectricUtilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)." (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

"[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v.Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].) In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right. (*Martinez*[ (2000)] 528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].) As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction. (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.) Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt. (*Id.* at p. 162.) Consequently, the

5

court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution. (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court. That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals. (*Clark*[ *(1992)*] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson, supra,* 51 Cal.2d at p. 798.) As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .' (*Mattson, supra*, 51 Cal.2dat p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra*, 3 Cal.4th at p. 173.) Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed,will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett)*, emphasis added; accord, *Clark, supra,* 3 Cal.4th at p. 173 [reiterating the rule that a defendant who is represented by an attorney will not be personally recognized by the court in the conduct of his case applies to a defendant's filing of *pro se* documents on appeal].)

Thus, in a non-*Wende* appeal, the defendant, as an individual, does not have

6

the right to submit his or her own arguments to the court for resolution.

Some appellate courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory power to control the proceedings before it. (See e.g., *People v. Cole, supra,* 52 Cal.App.5th 1023, review granted.) We submit those courts simply do not have the authority to do so given the California Supreme Court's holdings in *Mattson, Clark, and Barnett*.

The issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief. But it must be left up to that court to do so. Until it does, appeals such as the one presently before us must be considered abandoned and ordered dismissed.

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

I concur in the result:

_____
MAURO, J.

7

DUARTE, J., Dissenting.

I respectfully dissent from the disposition of dismissal in this case.

I disagree with the majority's insistence that it has no authority to reach the merits of defendant's claims on appeal (see maj. opn., *ante*, at p. 7 [holding "courts simply do not have the authority" to consider defendant's pro per claims in this circumstance]). Because defendant was informed by his attorney that he could properly file a supplemental brief and did so, I would review his briefing and decide his appeal on the merits rather than dismiss it as moot.

In my view, given that counsel has asked for *Wende* review and defendant has filed a supplemental brief raising substantive claims, we can and should exercise our discretion to review his claims for error.  (See *People v. Figueras* (2021) 61 Cal.App.5th 108, 113 [suggesting that even assuming no right to *Wende* protections, dismissal of appeal as abandoned not appropriate where defendant has filed a supplemental brief], review granted May 12, 2021, S267870); *People v. Flores* (2020) 54 Cal.App.5th 266, 274 [although *Wende* review is not legally compelled on appeal from an order denying a § 1170.95 petition, an appellate court "can and should" independently review the record on appeal].)

I do not agree that we should ignore the supplemental brief timely filed by defendant in this case, utilizing the procedure that he was advised to follow by his lawyer.  This is not merely a pro per brief filed by a represented litigant as illustrated by the cases the majority describes (maj. opn., *ante*, at pp. 5-7).  Rather, this is a pro per brief filed by a litigant whose representative has informed him that *he is now on his own* and has 30 days to brief his own case as he sees fit.

Although I have reviewed the claims in defendant's supplemental brief and find them devoid of merit, I disagree with the majority's conclusion that it has no authority to review these claims.  I would decline to deem this appeal abandoned under these specific

1

circumstances, as I have described, and instead would affirm the judgment.

Consequently, I must dissent from the disposition of dismissal.

_____
DUARTE, J.