Filed 1/14/22  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C094540 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-2009-3661) |
| v. | |
| JUAN M. HERNANDEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Juan M. Hernandez asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  In this appeal from the denial of postconviction relief, defendant has not filed a supplemental brief.  We will dismiss the appeal as abandoned.

## BACKGROUND

In 2010, defendant pleaded no contest to felony receiving stolen property (Pen.

Code, § 496, subd. (a))[1] and felony possession of ammunition by a person prohibited from owning firearms (former § 12316, subd. (b)(1)).

In 2014, California voters enacted Proposition 47 (Prop. 47), which created a resentencing provision codified at section 1170.18 that permits a person serving a sentence for certain designated felonies to petition for recall of the sentence to reduce a felony to a misdemeanor.

On July 9, 2021, defendant filed a petition under section 1170.18, subdivision (f), to reduce his receipt of stolen property conviction to a misdemeanor. The district attorney filed an opposition stating defendant is ineligible because defendant has at least one prior conviction under section 667, subdivision (e)(2)(C)(iv) and because he is required to register pursuant to section 290, subdivision (c). Alternatively, the district attorney argued defendant also did not meet his burden establishing the value of the stolen property was under $950. On July 15, 2021, the trial court denied defendant's petition for "reasons stated by D.A." Defendant timely appealed.

DISCUSSION

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed since the opening brief was filed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a petition brought under section 1170.18 is an open question. Our Supreme Court has not spoken on that issue. In *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, the court ruled *Wende/Anders*

---

[1]     Further undesignated statutory references are to the Penal Code.

procedures do not apply to an appeal from the denial of "postconviction relief," and dismissed an appeal as abandoned because the defendant did not file a supplemental brief. (*Cole,* at pp. 1028, 1040.)

In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, a panel of this court agreed with *Cole*, and dismissed as abandoned an appeal where the defendant's counsel requested *Wende* review from denial of a motion for postconviction relief,[2] and defendant did not file a supplemental brief. (*Figueras*, at pp. 110-111, 113.)

Thus, because defendant has not filed a supplemental brief in his appeal from the denial of postconviction relief, we dismiss the appeal as abandoned.

DISPOSITION

The appeal is dismissed.

 

 

 

                                       /s/
                                       HOCH, J.

 

 

I concur:

 

 

 /s/
KRAUSE, J.

---

[2]      Pursuant to section 1170.95.

Hull, J.

I concur in the result.

The majority holds that "[b]ecause defendant has not filed a supplemental brief in his appeal from the denial of postconviction relief, we dismiss the appeal as abandoned." (Maj. Opn. at p. 3.)

This holding and the majority's citation to *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278 and *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870 suggests to me that the majority is of the opinion that, had the defendant filed his own supplemental brief, we would have been obligated to review it and resolve the issues set forth therein. If that is the case, for the reasons that follow, I cannot agree.

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris* (1956)[ ] 46 Cal.2d 540, 554 applies to the filing of *pro se* documents on appeal (*Electric Utilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)." (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

". . . .[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].) In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right. (*Martinez*[ (2000)] 528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].) As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction. (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.) Emphasizing that the

1

change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt. (*Id*. at p. 162.) Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution. (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court. That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals. (*Clark*[ *(1992)*] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson*[ (1959)] 51 Cal.2d [777, 798 [].) As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .' (*Mattson, supra*, 51 Cal.2d at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra*, 3 Cal.4th at p. 173.) Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett*), emphasis added.)

2

Although *Barnett* was a capital appeal, notably, the Supreme Court cited with approval *People v. Scott* and *People v. Mattson,* thus extending the same appellate rules to non-capital appeals.

Thus, in an appeal such as the one before us here, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution. In my view, given the law as it currently stands, the proper procedure in these circumstances is to dismiss the appeal as abandoned whether or not the defendant has filed a supplemental brief.

I recognize that some courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory powers to control the proceedings before it. (See e.g., *People v. Cole, supra,* 52 Cal.App.5th 1023, review granted.) I submit that those courts simply do not have the authority to do so given the California Supreme Court's holding in *Barnett*.

I also recognize that the issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief. But it must be left up to that court to do so. Until it does, I would dismiss appeals such as the one presently before us.

/s/_____
HULL, Acting P. J.