Filed 12/16/22 P. v. Perry CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096556 |
| v. | (Super. Ct. No. 08F05978) |
| JONATHAN LAMAR PERRY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jonathan Lamar Perry asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the trial court's order denying the petition for resentencing.

I

Defendant gave his girlfriend's four-year-old son a "whuppin" so severe the child died from the injuries, which included a lacerated liver, brain hemorrhages, cerebral bruises, and skull fractures. (*People v. Perry* (Nov. 28, 2012, C068456)

1

[nonpub. opn.].)[1] A jury convicted defendant of second degree murder (Pen. Code,[2] § 187, subd. (a) -- count 1), assault resulting in the death of a child under age eight (§ 273ab -- count 2), and felony child abuse against his girlfriend's three-year-old son for separate acts of abuse (§ 273a, subd. (a) -- count 3). The trial court sentenced defendant to 25 years to life for the assault, 15 years to life for the murder (stayed under section 654), and four years for the child abuse.

In July 2020, defendant filed a petition for resentencing under former section 1170.95 (which would later become section 1172.6). The trial court denied the petition because defendant was not tried on a felony-murder theory and he was the only person who inflicted the fatal blows, making him the actual killer. (*People v. Perry*, (Sept. 22, 2021, C093086) [nonpub. opn.] (*Perry II*), review granted Dec. 1, 2021, S271473.)

Defendant appealed the denial and his counsel asked this court to independently review the record pursuant to *Wende*. A different panel of this court dismissed the appeal, concluding defendant had no right to *Wende* review of a petition for postconviction relief. (*Perry II, supra*, C093086, review granted.)

The Legislature amended former section 1170.95 effective January 1, 2022. (Stats. 2021, ch. 551.) The amendment allowed "a resentencing petition to be filed by any person 'convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime.' " (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388 (*Vizcarra*); see Stats. 2021, ch. 551, § 2.) It also amended the procedures for determining whether defendant had demonstrated a prima facie case,

---

[1] On our own motion, we take judicial notice of our files in this prior appeal. (Evid. Code, § 452, subd. (d)(1).)

[2] Undesignated statutory references are to the Penal Code.

the standard of proof, and the procedural rules for any evidentiary hearing. (Stats. 2021, ch. 551, § 2, amending former § 1170.95, subd. (d).)[3]

Defendant filed an amended petition for resentencing under the amended law. The trial court appointed counsel, ordered briefing, and held a hearing on whether defendant made a prima facie showing that he was entitled to resentencing. Following the hearing, the trial court denied the second petition, finding that defendant's first petition was properly denied, the second petition did not assert a relevant change in the law or the facts, and defendant was ineligible for relief because the jury necessarily found he had malice when he killed the victim.

II

In this appeal from the trial court's denial of the second petition, appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief.

The California Supreme Court is currently considering whether a defendant is entitled to *Wende* review of an order denying postconviction relief. (See, e.g., *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) Until the Supreme Court provides further guidance on the issue, we exercise our discretion to adhere to *Wende* in the present case.

---

[3] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) We will refer to the section by its new numbering in the remainder of this opinion.

3

## A

As originally enacted, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) narrowed accomplice liability for murder under the felony-murder rule and eliminated the natural and probable consequences doctrine. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) As relevant here, it amended section 188 to require a principal to act with malice aforethought (i.e. with express or implied malice) for a murder conviction (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2), and it amended section 189 to limit felony-murder liability to a person who was the actual killer, a person who assisted the actual killer with the intent to kill, or a person who was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.) Senate Bill No. 775 (2020-2021 Reg. Sess.) expanded this rule to defendants convicted of murder under a theory in which malice is imputed to any person based solely on that person's participation in a crime. (§ 1172.6, subd. (a); *Vizcarra, supra*, 84 Cal.App.5th at p. 388; Stats. 2021, ch. 551, § 2.)

Senate Bill No. 1437 also created a procedure whereby persons convicted of murder under a now-invalid felony-murder or natural and probable consequences theory may petition the trial court to vacate the murder conviction and resentence the petitioner on any remaining counts. (*Lewis, supra*, 11 Cal.5th at p. 959.) A petitioner is eligible for relief if they (1) were charged with murder by means of a charging document that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; (2) were convicted of first or second degree murder; and (3) could no longer be convicted of first or second degree murder due to the changes to sections 188 and 189 effectuated by Senate Bill No. 1437. (§ 1172.6, subd. (a).)

In examining a section 1172.6 petition, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner

4

would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.) The trial court may properly engage in a limited examination of the record of conviction so that the trial court can quickly dispose of petitions that are clearly meritless. (*Ibid*.) But, trial courts are to refrain from engaging in " 'factfinding involving the weighing of evidence or the exercise of discretion' " (*id.* at p. 972), because under the current "framework the section [1172.6], subdivision (c) inquiry is a test of the petitioner's pleaded allegations, not an inquiry into the truth of those allegations and the credibility of the evidence on which they may rely." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 483.)

B

In defendant's supplemental brief, he asserts we should review the record to determine whether he stated a prima facie case for relief. We have done so. A defendant cannot make a prima facie showing under section 1172.6 if the trial court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or another theory under which malice is imputed to a person based solely on that person's participation in a crime. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205; see *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) Here, the record of conviction shows the trial court did not instruct the jury on any such theory. Thus, the record of conviction conclusively demonstrates defendant did not establish a prima facie case.

Defendant next contends section 1172.6 excludes the actual killer from resentencing for first degree murder but not from second degree murder. However, implied malice remains a valid theory for murder under section 188, subdivision (a)(3) and is unaffected by section 1172.6. (See *Vizcarra, supra*, 84 Cal.App.5th 377.)

In addition, defendant claims he was not the actual killer because the minor died a week or two after defendant beat him. But the record indicates otherwise. The jury's verdict finding defendant guilty of murder meant the jury must have found he caused the death. (§ 187; CALCRIM No. 520.)

5

Defendant further asserts the trial court incorrectly engaged in fact finding at the prima facie stage of the proceeding and should not have relied on this court's prior opinion to find that defendant was the actual killer. We conclude nothing in the trial court's analysis was impermissibly based on our prior opinion or demonstrates any improper fact finding. The trial court expressly stated it considered our prior appellate opinion solely to provide background information. It properly reviewed the jury instructions contained in the record of conviction to draw its conclusion that defendant failed to state a prima facie case.

Moreover, defendant argues he was convicted under the natural and probable consequences doctrine because the implied malice portion of the murder instruction refers to natural consequences. But "[a]lthough the instructions related to implied malice [for a second degree murder charge] and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural consequence,' they are distinctly different concepts. Implied malice is a mental state for the commission of the crime of second degree murder, either by the principal or as an aider and abettor . . . to murder. This distinction between direct aiding and abetting liability and natural and probable consequences doctrine is critical because potential relief under section [1172.6] extends only to those convicted of murder by operation of the natural and probable consequence doctrine or of felony murder. [Citation.] Senate Bill No. 1437 . . . did not exclude from liability persons convicted of murder for acting with implied malice." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056-1057 (*Soto*).)

Defendant nevertheless argues he did not have the intent to kill and thus was not ineligible for resentencing. However, the jury's finding that defendant committed second degree murder means it necessarily found he acted with express or implied malice. Murder remains a valid theory for principals who act with malice aforethought (with express malice or implied malice) and is unaffected by section 1172.6 (§ 188, subds. (a)(1-3) & (b); *People v. Lopez* (2022) 78 Cal.App.5th 1, 15; *Soto, supra*,

6

51 Cal.App.5th at p. 1057.) Given the jury's determination that defendant acted with malice aforethought, whether he intended to kill the child is immaterial to his resentencing petition. (*Soto,* at p. 1056.)

Finally, defendant claims the trial court did not determine whether defendant met the requirements of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 as required under *People v. Strong* (2022) 13 Cal.5th 698, 707-708. *Strong* is inapposite to the facts of this case.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

       /S/       

MAURO, J.

I concur:

    /S/    

HOCH, J.

Hull, J.

I concur in the result, but I do not agree with the majority's adoption of "*Wende*-like" procedures in appeals such as these.

While the majority does not decide the question, I am of the opinion that California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of post-conviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, (*Figueras*); *People v. Flores* (2020) 54 Cal.App.5th 266; *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278, (*Cole*).) This is so because this is not the defendant's first appeal as of right. (See, *In re Sade C.* (1996) 13 Cal.4th 952, 986 (*Sade C.*) [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

In *Figueras*, this court said, quoting *Cole*, " . . . we 'reject the notion that the Constitution compels the adoption or extension of *Wende* procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel. Time and again, the United States Supreme Court and our Supreme Court have rejected the very same argument. (See [*Pennsylvania* v.] *Finley* [(1987)] 481 U.S. [551,] 555; [*Conservatorship of*] *Ben C.* [(2007)] 40 Cal.4th [529,] 538–543; [*In re*] *Sade C.* [(1996)] 13 Cal.4th [952,] 986–993.)' (*Cole, supra,* 52 Cal.App.5th at p. 1034, review granted; [*Flores, supra,*] 54 Cal.App.5th[ at p.] 271.)" (*Figueras, supra,* 61 Cal.App.5th at p. 111, review granted.) Thus, these courts held that the Constitution does not require "the adoption or extension" of *Wende* procedures to appeals from post-conviction proceedings. I agree with this.

Nonetheless, the *Figueras* court decided, again following *Cole,* that in appeals such as these, due process requires that (1) appointed counsel must independently review the entire record and if counsel concludes there are no arguable issues on appeal, file a brief with the court saying so, (2) appointed counsel must inform the defendant that the

1

defendant has the right file a supplemental brief, and (3) the court has a duty to address any issues raised by the defendant in a supplemental brief.

It is here that we part company.

In both *Cole* and *Figueras* the courts correctly decided the Constitution did not require an "adoption or extension" of *Wende* procedures to appeals seeking post-conviction relief, but then, invoking their powers to control the proceedings before them, declared that due process required *Wende*-like procedures and the application of *Wende*-type procedures to appeals seeking post-conviction relief. Neither court explains adequately why due process requires what are in practical measure *Wende* procedures in non-*Wende* appeals.

I agree that in the circumstances before us appointed counsel should independently review the record to decide whether there are any arguable issues on appeal and, if there are not, notify the court of counsel's determination. I do not agree that, in those circumstances, the appellate court is then required to conduct a review of the entire record searching for error or that counsel must advise the defendant of a "right" to file a supplemental brief. Nor do I agree the court has a duty to address issues raised solely by the defendant.

Once we hold that an appeal from a denial of post-conviction relief is not subject to *Wende* review, we then have before us a "standard" appeal from an order denying post-conviction relief in which the defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances, I would consider the appeal abandoned and dismiss the appeal.

I first address a requirement that the appellate court can or should or must review the record looking for error when the defendant's counsel has found none and has so declared.

In *Sade C.*, 13 Cal.4th 952, our supreme court considered whether the "prophylactic" procedures of *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and

2

*People v. Wende* 25 Cal.3d 436 (*Wende*) applied to an indigent parent's appeal from a judgment or order adversely affecting a parent's right to the custody of a child or the parent's status as a parent of the child.  The Court concluded they did not.

While the context of the decision was slightly different in *Sade C.*, I find it instructive.  As to a concern that that the risk of the absence of *Anders* (and, in my view, *Wende*) procedures will lead to an erroneous resolution of a parent's appeal, the Court said:

"As a practical matter, we believe that the chance of error is negligible.  We do not ignore the fact that such error may be irremediable.  (See, e.g., *Adoption of Alexander S.* (1988) 44 Cal.3d 857, 868 [].)  Nevertheless, our consideration of the many cases that have come before us on petition for review reveals that appointed appellate counsel faithfully conduct themselves as active advocates [on] behalf of indigent parents.  This causes no surprise: the attorneys are enabled, and indeed encouraged, to effectively represent their clients by the procedural protections accorded them in the Court of Appeal, including the right to precedence over all other causes (Welf. & Inst. Code, § 395), which parallel those accorded them in the juvenile court (see, e.g., *In re Marilyn H.*[ (1993)] 5 Cal.4th [295,] 306-310).  In accord is the experience of Division One of the Fourth Appellate District of the Court of Appeal, as it recently recounted in *In re Angelica V.* having applied the procedures in question for more than a decade under its holdings in *Brian B.* and *Joyleaf W.*, the court declared that 'we have discovered, to the best of our present recollection, no unbriefed issues warranting further attention.' (*In re Angelica V.*[ (1995)] 39 Cal.App.4th [1007,] 1015, italics added [holding the Court of Appeal would no longer apply *Wende* procedures to parental rights cases].)  As a result, it judged the procedures 'unproductive' (id. at p. 1016), and overruled *Brian B.* and *Joyleaf W.*

". . . .[W]e believe that the requirement of fundamental fairness contained in the Fourteenth Amendment's due process clause does not compel imposition of *Anders's*

'prophylactic' procedures. Procedures that are practically 'unproductive,' like those in question, need not be put into place, no matter how many and how weighty the interests that theoretically support their use. To be sure, these procedures may have 'symbolic' value of some kind. (*Santosky v. Kramer*[, (1981)] 455 U.S. [745,] 764 [].) Such value, however, is too slight to compel their invocation." (*In re Sade C., supra,* 13 Cal.4th at pp. 990-991, fn. omitted.)

In my view, these observations apply equally to review of post-conviction relief orders and the court is not required, in order to satisfy due process or otherwise, to review the record in these cases once counsel has stated that counsel can find no arguable issues on appeal or required to receive and resolve issues raised individually by the defendant.

I would add that, in my 24 years' experience at the Court of Appeal, after reviewing hundreds of supplemental briefs filed by defendants in *Wende* appeals, I have not found one that had any merit. But they each have required the court's staff attorneys and justices to spend additional time, and sometimes much additional time, addressing and resolving what are routinely, if not exclusively, frivolous arguments.

As to the view that these supplemental briefs are of right and require the court's resolution, I would also point to the following.

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris* (1956)[ ] 46 Cal.2d 540, 554 applies to the filing of *pro se* documents on appeal (*Electric Utilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)." (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

". . . .[T]here is no right – constitutional, statutory, or otherwise – to self-representation in a criminal appeal in California. (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834–835[ ] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[ ] [noncapital appeals].) In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to

4

the federal Constitution furnishes a basis for finding such a right. (*Martinez*[ (2000)] 528 U.S. [152,] 160–163 [145 L.Ed.2d 597 ] [(*Martinez*)].) As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not extend beyond the point of conviction. (*Martinez, supra*, 528 U.S. at pp. 154, 160–161.) Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt. (*Id*. at p. 162.) Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution. (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court. That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals. (*Clark*[ *(1992)*] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson*[ (1959)] 51 Cal.2d [777, 798 [].) As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .' (*Mattson, supra*, 51 Cal.2d at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se. (*Clark, supra*, 3 Cal.4th at p. 173.) Although we will

5

accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.' (*Clark, supra*, 3 Cal.4th at p. 173.) *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*, 51 Cal.2d at p. 798)." (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett)*, emphasis added.)

Although *Barnett* was a capital appeal, notably, the Supreme Court cited with approval *People v. Scott* and *People v. Mattson,* thus extending the same appellate rules to non-capital appeals.

Thus, in a non-*Wende* appeal such as this, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution.

I recognize that some courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory powers to control the proceedings before it. (See e.g., *Cole, supra,* 52 Cal.App.5th 1023, review granted.) I submit that those courts simply do not have the authority to do so given the California Supreme Court's holding in *Barnett*.

I recognize also that the issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying post-conviction relief. But it must be left up to that court to do so. Until it does, I would dismiss appeals such as the one presently before us.


         /S/
         HULL, Acting P. J.